UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-11873-RGS

RICHARD THOMAS JOHNSON, JR.

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

MEMORANDUM AND ORDER

January 28, 2013

STEARNS, D.J.

For the reasons set forth below, plaintiff's Second Amended Complaint (Docket No. 11) is dismissed pursuant to 28 U.S.C. § 1915(e)(2); the pending motions are dismissed; the Court certifies that any appeal would not be taken in good faith; and plaintiff is again ordered to stop contacting the Court by e-mail.

BACKGROUND

On October 5, 2012, Richard Thomas Johnson, Jr. filed a complaint accompanied by an Application to Proceed Without Prepayment of Fees. By Memorandum and Order dated November 2, 2012, the Court granted Johnson's Application and advised him that if he wishes to pursue this action, he must, within thirty-five (35) days of the date of the Memorandum and Order, file an Amended Complaint. The order was mailed to plaintiff at a Plymouth address that he had provided on the Civil Category Form.

By Procedural Order dated December 3, 2012, the Clerk was directed to add Mr. Johnson's Attleboro address to the docket. Mr. Johnson was granted an extension of time to respond to the Court's November 2012 Order and was ordered to stop contacting the Court by e-mail.

On December 5, 2012, Mr. Johnson filed an Amended Complaint. See Docket No. 10. On December 19, 2012, Mr. Johnson filed the following documents: Motion to Amend

the Amended Complaint, Motion for Leave to Proceed In Forma Pauperis, Letter to Apologize to the Court, Motion for Evidence to be Presented, Motion for All Prior Lawsuits, Motion to Appoint Counsel, Motion to Remove Judge From the Case and to Have it Heard by the U.S. Supreme Court, and Motion for the U.S. Marshal to mail or distribute by hand all motions or amendments.  See Docket Nos. 11-18.

The Court has been advised that Mr. Johnson has again sent several e-mails to several court employees and others on January 25, 2013 and January 26, 2013.

## SCREENING

Because Johnson is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Complaints filed in forma pauperis may be dismissed sua sponte and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton, 504 U.S. at 32-33.  In connection with the preliminary screening, Johnson's pro se pleadings are construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

## DISCUSSION

The November 2, 2012 Memorandum and Order stated that, even with a broad reading of Mr. Johnson's original complaint, he failed to state a claim upon which relief may

2

the Amended Complaint, Motion for Leave to Proceed In Forma Pauperis, Letter to Apologize to the Court, Motion for Evidence to be Presented, Motion for All Prior Lawsuits, Motion to Appoint Counsel, Motion to Remove Judge From the Case and to Have it Heard by the U.S. Supreme Court, and Motion for the U.S. Marshal to mail or distribute by hand all motions or amendments.  See Docket Nos. 11-18.

The Court has been advised that Mr. Johnson has again sent several e-mails to several court employees and others on January 25, 2013 and January 26, 2013.

## SCREENING

Because Johnson is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Complaints filed in forma pauperis may be dismissed sua sponte and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton, 504 U.S. at 32-33.  In connection with the preliminary screening, Johnson's pro se pleadings are construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

## DISCUSSION

The November 2, 2012 Memorandum and Order stated that, even with a broad reading of Mr. Johnson's original complaint, he failed to state a claim upon which relief may

2

be granted against the defendants because his complaint materially failed to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. See Docket No. 6. Mr. Johnson was advised that if he wishes to pursue this action, he must file an amended complaint curing the pleading deficiencies of his original complaint. Id. The amended complaint should conform to the pleading requirements other the Federal Rules of Civil Procedure. Id. The claims must be set forth in numbered paragraphs, and the claims must be limited to those arising out of the same transaction, occurrence, or series of transactions or occurrences. Id. Finally, Johnson was warned that he could be sanctioned under Rule 11 if he uses swear words or derogatory language in future submissions. Id.

On December 5, 2012, Mr. Johnson filed a four-page "Motion to the Court" accompanied by 54-pages of Exhibits; primarily consisting of copies of emails and letters. See Docket No. 10. The document is in the form of a letter and was entered on the docket as plaintiff's Amended Complaint. Id. On December 19, 2012, Mr. Johnson filed a Motion to Amend as well as several other motions. See docket. The Motion to Amend contains a case caption and is the closest document to a complaint. The Court will treat the Motion to Amend (Docket No. 11) as a Second Amended Complaint.

The Second Amended Complaint names the following defendants: the Commonwealth, the United States of American, the Bristol County Sheriff's Office, Bridgewater State Complex, Attleboro Police, and "all other Guilty Perpetrator Factions, Facilities, Organizations, Institutions and their Employee's as well as Guilty Citizens, Civilians or Inmates that Apply or who Apply." See Docket No. 11, p. 1. Plaintiff's Second Amended Complaint consists primarily of a narrative of events occurring during the plaintiff's detention at the Bristol County House of Correction and Bridgewater State Hospital as well as his admission that he "will never be able to function as [he] once did

before [he] was victimized . . . but also for the crimes [he] was victimized and then forced to harm children directly by or via the cause of Governmental, Law Enforcement, Military or Court Employee's who even victimized [him] and forced [him] to harm children while [he] was incarcerated as an inmate prisoner, or convict, while in custody or on the premises of several different Penal Institutions Courthouses, Treatment Facilities, or Penal Institutions or who caused the crimes [he] just listed in [his] Civil Case to happen." Id. at p. 18.

Specifically, plaintiff alleges that while detained at Bristol County House of Correction (7/16/10 - 7/19/10, Jan. or Mar. 2011 - 12/22/11, 12/14/12 - 4/12/12) and Bridgewater State Hospital (1/7/2011 - 1/8/2011) he was attacked and/or brutally victimized by dozens of inmates. See Docket No. 11, pp. 1-2. These attacks are alleged to include sexual assaults. Id. Moreover, plaintiff alleges that he was beaten by Bristol County Sheriff Employees or various other governmental. law enforcement, military, or court employees. Id. at p. 10. He alleges that he believes that while he was at the "Attleboro District Court [he] was drugged and forced to saw [his] own chest in half by some sick freak Police Officers which happened in the early 2000's." Id. at page 13.

Plaintiff's Second Amended Complaint essentially restates the facts as alleged in his original complaint. Plaintiff again fails to provide a viable legal basis for this action. He cites several federal statutes; however, none of them have any reasonable connection to either the defendants or to the allegations in the Second Amended Complaint. The Second Amended Complaint references 42 U.S.C. § 16901 (sex offender registration and notification); 28 U.S.C. § 1254 (courts of appeals; certiorari; certified questions); 42 U.S.C. § 16913 (former registry requirements for sex offenders); 42 U.S.C. § 200d (§2000d (prohibition against exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on ground of race, color, or national origin)); 42 U.S.C. § 2000d-1 (federal authority and financial assistance to programs or activities by way of

grant, loan, or contract other than contract of insurance or guaranty; rules and regulations; approval by President; compliance with requirements; reports to Congressional committees; effective date of administrative action); Begay v. United States, 553 U.S. 137 (2008) (holding that a prior felony conviction for drunk driving under a New Mexico state statute was not a 'violent felony' for purposes of the Armed Career Criminal Act); and Pino v. Landon, 349 U.S. 901 (discussing word "conviction in §2L1.2(b)(2) of the Sentencing Guidelines).  See Docket No. 11, p. 1.

Even liberally construed, the Second Amended Complaint does not sufficiently state a viable claim against the Commonwealth, the United States of America, the Bristol County Sheriff's Office, Bridgewater State Complex, Attleboro Police, and/or others.  In making this finding, the Court is aware that the allegations in the Second Amended Complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  Moreover, the Court has been careful in reviewing the allegations insofar as they are made by a pro se complainant.  See Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's allegations lack a rational basis in fact.  The allegation that he was forced to saw his own chest in half is "wholly incredible."  See Denton, 504 U.S. at 32-33.  Although a single allegation of assault may not be "wholly incredible" to be considered frivolous, see Denton, 504 U.S. at 32-33, the Second Amended Complaint as a whole plainly is irrational.  Plaintiff's complaint focuses on alleged incidents where he has been attacked by dozens and dozens of inmates.

After carefully reviewing plaintiff's Second Amended Complaint, I find that he failed to demonstrate good cause why this action should not be dismissed both as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).   Here, further leave to amend would be futile.  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) (motion for leave to amend "should

be granted unless the amendment would be futile or reward undue delay.") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).

## CERTIFICATION THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), I find, and hereby certify, that any appeal by Johnson of the matters contained in this Memorandum and Order would not be taken in good faith.  Such a certification prohibits in forma pauperis status on appeal even though Johnson has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id.  Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed in forma pauperis in the district-court action, or who has been determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.  Id.

Based on Johnson's failure to state any cognizable federal claims in this action, any appeal by Johnson of this matter would not be taken in good faith.  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. at 325.  That is the case here.  This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

## ELECTRONIC COMMUNICATIONS

Mr. Johnson is again advised that he has not been granted permission to file documents by electronic means. See District of Massachusetts Local Rules 5.4 (filing and

service by electronic means). The Court will not reply to any e-mail received from Mr. Johnson and he shall stop contacting the Court by e-mail.

## ORDER

ACCORDINGLY, in accordance with this Court's order dated November 6, 2012, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the within action be and it is hereby DISMISSED for the reasons stated above. It is FURTHER ORDERED that all pending motions shall be terminated and the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal would not be taken in good faith.

                SO ORDERED.

                 /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE